# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ACUITY, a mutual insurance company, | ) |
| | ) |
|                                   *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| MONARCH INVESTMENT AND MANAGEMENT GROUP, NORTHGATE APARTMENT HOMES a/k/a NORTHGATE APARTMENTS, and STEPHANIE GARCIA, | ) ) ) ) |
| | ) |
|                                   *Defendants.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ACUITY, a mutual insurance company ("Acuity"), by and through its attorneys, Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment against the Defendants, MONARCH INVESTMENT AND MANAGEMENT GROUP ("Monarch"), NORTHGATE APARTMENT HOMES a/k/a NORTHGATE APARTMENTS ("Northgate"), and STEPHANIE GARCIA ("Garcia"), alleges as follows:

### INTRODUCTION

1. Acuity seeks a declaration that it does not owe any duty to defend or indemnify Monarch and/or Northgate in an underlying personal injury lawsuit brought by Garcia under a policy of insurance Acuity issued to another.

### THE PARTIES

2. Acuity is a Wisconsin insurance corporation that maintains its principal place of business in Sheboygan, Wisconsin, and which is licensed to, and which does transact insurance business in the State of Illinois.

3. Monarch is a Colorado limited liability company, which maintains its principal place of business in Franktown, Colorado, and which claims to be an insured on a certain policy of insurance issued by Acuity to another.

4. Northgate is a Colorado limited liability company, which maintains its principal place of business in Franktown, Colorado, and which claims to be an insured on a certain policy of insurance issued by Acuity to another.

5. On information and belief, Garcia is a citizen of the State of Illinois, residing in Waukegan, Illinois, within this judicial district, and is a claimant against Monarch and Northgate for injuries she suffered at 1710 West Kayla Lane in Waukegan, Illinois, while allegedly a resident of Northgate Apartments. Acuity seeks no relief from Garcia, other than to the extent, if any, that she is interested in the subject matter of this action, that she should be bound by the judgment sought herein. If Garcia will sign a stipulation to that effect, then Nationwide will voluntarily dismiss him as a Defendant.

## JURISDICTION

6. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to void coverage for a loss exceeding $75,000 in value. Pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

**VENUE**

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, in that the events giving rise to Garcia's claim occurred in this judicial district, and the policy of insurance at issue was issued in this judicial district.

**THE INSURANCE POLICY**

8. Acuity issued to Main Landscaping & Concrete, Inc. ("Main") a policy of insurance numbered X41554, which is effective for the period of April 26, 2018-2019. A certified true and correct copy of the Acuity policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

**THE FACTS**

9. Monarch and Northgate have been named defendants in an action for damages brought by the Garcia under Cause No. 21 L 97 in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois. A true and correct copy of the complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

10. The complaint alleges that Garcia was a resident of Northgate Apartments in Waukegan, Illinois, on February 5, 2019, and that she was caused to fall and become injured while walking from her apartment building to her vehicle by an unnatural accumulation of ice and/or snow in the parking lot located at or near 1710 West Kayla Lane.

11. The allegations of negligence include failing to remove ice and/or snow, as well as failure to supervise the performance of snow removal.

12. The complaint does not name Main as a defendant.

## THE MONARCH/MAIN CONTRACT

13. Main was contracted to Monarch (designated as the Owner of the Northgate Apartment property in the contract) for snow removal from 11/01/2018 to the end of the winter season. A true and correct copy of the Main/Monarch contract is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

14. The contract specifies that it was in effect until March 30, 2019, unless terminated earlier in accordance with the agreement.

15. The contract provides for Main to defend and indemnify Monarch from liability arising out of injury in connection with or incidental to the performance of the work under the contract resulting in whole or in part by the acts of Main or its agents.

16. The contract obligates Main to carry insurance with limits of $1 million for each occurrence and $2 million in the aggregate to cover losses resulting from Main's acts and omissions and specifies that Owner (Monarch) be listed as an additional insured under Main's commercial general liability policy, and that Main provide a certificate of liability insurance evidencing the same.

## PROVISIONS OF THE ACUITY POLICY

17. The Acuity policy of insurance provides, in the Insuring Agreement to the Bis-Pak Business Liability and Medical Expenses Coverage Form, as follows:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.
>
> * * *
>
> The word "insured" means any person or organization qualifying as such under the Who Is An Insured Section of this policy.

4

\* \* \*

  **1.**  **Business Liability**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury*, *property damage* or *personal and advertising injury* to which this insurance applies.

18. The policy defines who is an insured, in relevant part, as follows:

### WHO IS AN INSURED

  1.  If you are designated in the Declarations as:

\* \* \*

    **d.**  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your *executive* officers and directors are insureds, but only with respect individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

19. The policy carries no additional insured endorsement.

### THE CERTIFICATE OF INSURANCE

20. On information and belief, an agent of Main issued a certain Certificate of Insurance, which Certificate lists the Acuity policy as a policy issued to Main. A true and correct copy of the Certificate of Insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

21. The Certificate of Insurance notes Northgate as a certificate holder but does not represent Northgate as an additional insured.

22. The Certificate of Insurance also contains disclaimers that the certificate confers no rights greater than the policy provides and specifically informs purported additional insureds that the policy needs to be endorsed to provide any additional insured coverage.

5

**TENDER OF DEFENSE**

23. In connection with the action brought by the Garcia, Monarch and Northgate tendered their defense to Acuity, which defense Acuity declined.

## COUNT I
### (DECLARATORY JUDGMENT RE: CERTIFICATE OF INSURANCE CONFERS NO RIGHTS)

24. Acuity adopts and repeats the allegations of ¶¶ 1 through 23 as and for ¶ 24 hereof as though the same were fully set forth herein.

25. Acuity contends that the Certificate of Insurance, Pleading Exhibit D attached hereto, confers no rights, and rights, if any, are determined by the terms and conditions of the Acuity policy.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND MONARCH)

26. Acuity adopts and repeats the allegations of ¶¶ 1 through 25 as and for ¶ 26 hereof as though the same were fully set forth herein.

27. Acuity contends that Monarch is not entitled to coverage because it does not qualify as an insured, by definition or otherwise, under the aforesaid policy of insurance Acuity issued to Main.

## COUNT III
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND NORTHGATE)

28. Acuity adopts and repeats the allegations of ¶¶ 1 through 25 as and for ¶ 28 hereof as though the same were fully set forth herein.

29. Acuity contends that Northgate is not entitled to coverage because it does not qualify as an insured, by definition or otherwise, under the aforesaid policy of insurance Acuity issued to Main.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, ACUITY, prays that this Honorable Court enter an order finding and declaring that it does not owe any duty to defend or indemnify Defendants, MONARCH INVESTMENT AND MANAGEMENT GROUP and NORTHGATE APARTMENT HOMES a/k/a NORTHGATE APARTMENTS, in the underlying litigation, and for such other and further relief as this Court deems fair and just under the circumstances.

> Respectfully submitted,
> LINDSAY, PICKETT & POSTEL, LLC
>
> By: /s/ Peter G. Syregelas
> Attorney for Plaintiff ACUITY

Peter G. Syregelas
**LINDSAY, PICKETT & POSTEL, LLC**
10 S. LaSalle Street, Suite 1301
Chicago, IL 60603
psyregelas@lpplawfirm.com
312-970-5661